**Jonas Yuri PEREZ–BATEN; Griselda Carolina De Leon Perez, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71720.

INS Nos. A70–789–814, A73–936–285.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted April 7, 2003.*

Decided April 17, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

## MEMORANDUM**

Jonas Yuri Perez–Baten, and Griselda Carolina De Leon–Perez, husband and wife, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition.

We review the BIA's factual determinations for substantial evidence, and must uphold the BIA's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To establish eligibility for asylum a petitioner must show persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A).

Substantial evidence supports the BIA's conclusion that the guerillas attempted to forcibly recruit Perez–Baten because of his knowledge and military

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

training, and not on account of a protected ground. *Cf. INS v. Elias–Zacarias,* 502 U.S. 478, 483 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (guerillas' attempt to recruit members to augment their troops rather than show their displeasure does not constitute persecution on account of a protected ground). Similarly, any threats against Leon–Perez were motivated by a desire for information regarding Perez–Baten, and not on account of her political opinion or any other protected ground. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003).

Because Perez–Baten and Leon–Perez did not meet the standard for asylum, it follows that they did not satisfy the standard for withholding of deportation. *See Li v. Ashcroft,* 312 F.3d 1094, 1099 (9th Cir.2002).

We are not persuaded by Perez–Baten and Leon–Perez's contention that the IJ erred by admitting into evidence the 1997 and 1998 Guatemalan country reports.

The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.